UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT BENVENUTO | : | DOCKET NO. 3:21-CV-856 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARTFORD, HARTFORD | : | |
| POLICE DEPARTMENT, MAYOR | : | |
| LUKE BRONIN, CHIEF OF POLICE | : | |
| JASON THODY | : | |
| Defendants. | : | JUNE 23, 2021 |

## COMPLAINT

Plaintiff, Vincent Benvenuto, by and through his undersigned counsel, hereby files this Complaint against Defendants the City of Hartford, the Hartford Police Department, Mayor Luke Bronin in his official capacity as the mayor of the City of Hartford, and Chief of Police Jason Thody in his official capacity as the Chief of the Hartford Police Department, and alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Vincent Benvenuto is a citizen of the United States, and a citizen and resident of Brewster, New York, employed as a police officer by the City of Hartford and the Hartford Police Department.

2.      Defendant the City of Hartford (hereinafter "Defendant City") is a municipality and city in the State of Connecticut subject to the statutes and regulations of the State of Connecticut under Conn. Gen. Stat. § 7-148 *et seq.* and organized thereunder.

3.      Defendant the Hartford Police Department (hereinafter "Defendant Police Department") is a police department subject to the statutes and regulations of the State

of Connecticut under Conn. Gen. Stat. § 7-274 *et seq.*, serving the Defendant City and subject to the Defendant City's supervision and governance.

4.      Defendant Mayor Luke Bronin is the mayor of the City of Hartford, and acts in his official capacity as representative for the City and promulgates policies and procedures for the governance and functioning of the City, including the operation of the Hartford Police Department.

5.      Defendant Chief of Police Jason Thody is the chief of police of the Hartford Police Department, and acts in his official capacity as representative for the City and the police department and promulgates policies and procedures for the governance of the Hartford Police Department.

6.      Connecticut, where the Defendants operate under the authority of the state of Connecticut and where the Plaintiff works as a police lieutenant, has the most significant relationship to the dispute and the parties. Connecticut is the state where all the actions alleged herein occurred, including all decisions made by the Defendants.

7.      Venue properly lies in this District in that the Defendants operate in and are under the authority of the state of Connecticut, the Plaintiff works as a police officer in Connecticut, and all actions occurred in the state of Connecticut.

8.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 in that this matter involves federal questions—namely, this action alleges violations of the Fourteenth Amendment of the United States Constitution and the claims are brought pursuant to 42 U.S.C. §§ 1983 and 1985.

9.      Jurisdiction over the State Constitutional claims are proper pursuant to 28 U.S.C. § 1367 in that those claims are so related to the claims over which the Court retains original jurisdiction such that they form part of the same case or controversy—

namely, they allege violations of the Connecticut State Constitution premised on identical facts and utilizing similar constitutional provisions to those contained in the United States Constitution alleged to have been violated by the Defendants.

## BACKGROUND

10.     Prior to May 2, 2008, the Plaintiff was employed as a police officer by the New York Police Department.

11.     On May 2, 2008, the Defendant City and the Defendant Police Department hired the Plaintiff as a police officer.

12.     During the background investigation to determine Plaintiff's eligibility for hire, investigators from the Defendant Police Department traveled to the Plaintiff's home in Brewster, NY.

13.     There was never any mention of where he lived, and at no time did any person ever raise concerns about the Plaintiff living outside the State of Connecticut.

14.     Indeed, under the Defendant Police Department's collective bargaining agreement with the Hartford Police Union, there is no residency requirements mandating that officers live either in the state of Connecticut or live in the Defendant City.

15.     On May 31, 2020, Defendant Thody was involved in a motor vehicle accident with a vehicle issued by the Defendant Police Department.

16.     On June 19, 2020, Defendant Police Department and Defendant Thody promoted the Plaintiff to the position of Lieutenant of the Intelligence Division in the Defendant Police Department.

17.     That same day, the Plaintiff emailed Defendant Thody thanking him for the position.

18.     Defendant Thody responded thirteen minutes later saying "you are very welcome.  You earned it.  Make us proud."

19.     Around June 19, 2020, Lieutenant Raya, the former commander of the Intelligence Division, gave the Plaintiff the keys to the Intelligence Division's motor vehicle.

20.     Lieutenant Raya acted as Defendant Thody's agent and was fully authorized to transfer possession of the Intelligence Division's motor vehicle to the Plaintiff.

21.     This vehicle is assigned to the commander of the Intelligence Division to be used as a "take-home vehicle" so that the commander may respond from home in the event he needs to respond to incidents while off-duty.

22.     The commander of the Intelligence Division is one of the positions within the Defendant Police Department subject to repeated recalls to work while off-duty to investigate significant incidents involving uses of force or threats against officials of the Defendant Police Department and the Defendant City.

23.     Indeed, within a one-year period the Plaintiff had been recalled to work while off-duty to investigate a fatal shooting, an officer-involved shooting, potential riots at the Capitol, and potential extremist groups in Hartford.

24.     On or around July 9, 2020, the author of an internet blog named "We the People" posted an article criticizing Defendant Thody for his motor vehicle accident and accusing Defendant Thody of making poor decisions as the chief of police.

25.     Shortly after this article was posted, Defendant Thody contacted the Plaintiff and de-authorized the use of the take-home vehicle.

26.     Defendant Thody justified this de-authorization on the grounds that the Plaintiff was not supposed to have a take-home vehicle because he does not reside in the state, and, therefore, under the Defendant City's policy, should not be permitted to have a take-home vehicle.

27.     Namely, the Defendant City maintains a written policy, Policy No. 014, that restricts take-home vehicles to those persons that are "in possession of a valid State of Connecticut driver's license. . . ."  (Hartford Policy, attached hereto as **Exhibit A**.)

28.     The use of take-home vehicles by supervisory police personnel is sufficiently basic to the livelihood of the nation, as it permits such supervisory personnel to immediately respond to dangerous and emergency incidents expediently and with a safe vehicle suited for such purposes.

29.     Further, it is sufficiently basic to the livelihood of the nation because it involves essential police functions, upon which all citizens rely for their protection and safety.

30.     Indeed, the Defendants recognize the necessity of take-home vehicles for emergency personnel in the Defendant City's Policy No. 014, where it sets forth that take-home vehicles will be issued to those persons "needed for emergency response. . . ."

31.     The policy of restricting take-home vehicles to residents of the state has no substantial reason justifying it.

32.     There is no compelling government interest for denying equal treatment to out-of-state residents.

33.     Indeed, there is no reason at all for denying equal treatment out-of-state residents.

34.     The discrimination against out-of-state residents, including the Plaintiff, is extreme in relation to any proposed reasons—namely, the Plaintiff still is required to respond to these dangerous and emergency incidents, but with a greater time delay and without the safety of an emergency vehicle necessary to perform his functions.

35.     The policy of restricting take-home vehicles to residents of the state is enacted solely for protectionist purposes and intended to discriminate against out-of-state residents.

**COUNT I – VIOLATION OF THE
FOURTEENTH AMENDMENT OF THE UNITED
STATES CONSTITUTION, BROUGHT PURSUANT
TO 42 U.S.C. § 1983 (BENVENUTO V. DEFENDANT BRONIN)**

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count One as if set forth herein.

36.     Defendant Bronin, as the mayor of the Defendant City and responsible for promulgating the policies enforced therein, is responsible for promulgating the policy restricting the distribution of take-home vehicles to only those persons residing in the state of Connecticut.

37.     Defendant Bronin, therefore, under color of law as the mayor of the City of Hartford, intentionally enacted and enforced a policy that violates the Fourteenth Amendment of the United States Constitution—namely, it deprives citizens residing outside the state of Connecticut of the privileges and immunities of citizens residing in the state of Connecticut and also deprives out-of-state residents of the equal protections of the law based on their class as non-residents of the state of Connecticut.

38.     Because of Defendant Bronin's intentional constitutional violations herein, Plaintiff has incurred damages in the form of costs associated with increased travel

using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

39.     This action is brought pursuant to 42 U.S.C. § 1983.

## COUNT II – VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, BROUGHT PURSUANT TO 42 U.S.C. § 1983 (BENVENUTO V. DEFENDANT THODY)

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count Two as if set forth herein.

36.     Defendant Thody, as Chief of Police of the Hartford Police Department, is responsible for enforcing the policies of Defendant Bronin, Defendant City, and Defendant Police Department against police officers whom he employs and supervises.

37.     Namely, Defendant Thody is the individual responsible for enforcing the policy against the Plaintiff of restricting take-home vehicles from citizens not residing within the state of Connecticut and depriving the Plaintiff of a take-home vehicle that would be afforded to an employee living within the state of Connecticut.

38.     Defendant Thody, therefore, under color of law as the Chief of Police for the City of Hartford, intentionally enforced a policy that violates the Fourteenth Amendment of the United States Constitution—namely, it deprives citizens residing outside the state of Connecticut of the privileges and immunities of citizens residing in the state of Connecticut and also deprives out-of-state residents of the equal protections of the law based on their class as non-residents of the state of Connecticut.

39.     Because of Defendant Thody's intentional constitutional violations identified herein, Plaintiff has incurred damages in the form of costs associated with increased travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

40.     This action is brought pursuant to 42 U.S.C. § 1983.

**COUNT III – VIOLATION OF THE
FOURTEENTH AMENDMENT OF THE UNITED
STATES CONSTITUTION, BROUGHT PURSUANT TO 42
U.S.C. § 1983 (BENVENUTO V. DEFENDANT CITY OF HARTFORD)**

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count Three as if set forth herein.

36.     The Defendant City is the entity through which Defendant Bronin receives his policy and regulatory-making powers.

37.     Namely, the Defendant City is the entity through which Defendant Bronin acted to enact and enforce the discriminatory policy that restricted the Plaintiff from receiving a take-home vehicle that is essential to his functions as a police supervisor on the basis of his out-of-state residency.

38.     Defendant City, therefore, under color of law as a municipality within the State of Connecticut, is liable for its discriminatory policy intentionally enacted through its servants, agents, and/or employees that violates the Fourteenth Amendment of the United States Constitution—namely, it deprives citizens residing outside the state of Connecticut of the privileges and immunities of citizens residing in the state of

Connecticut and also deprives out-of-state residents of the equal protections of the law based on their class as non-residents of the state of Connecticut.

39.     Because of Defendant City's intentional constitutional violations identified herein, Plaintiff has incurred damages in the form of costs associated with increased travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

40.     This action is brought pursuant to 42 U.S.C. § 1983.

**COUNT IV – VIOLATION OF THE**
**FOURTEENTH AMENDMENT OF THE**
**UNITED STATES CONSTITUTION, BROUGHT**
**PURSUANT TO 42 U.S.C. § 1983 (BENVENUTO V.**
**DEFENDANT HARTFORD POLICE DEPARTMENT)**

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count Four as if set forth herein.

36.     The Defendant Police Department is the agency through which Defendant Thody receives his policy and employment-related powers.

37.     Namely, the Defendant Police Department is the entity through which Defendant Thody acted to enforce Defendants Bronin's and City's policy that restricted the Plaintiff from receiving a take-home vehicle that is essential to his functions as a police supervisor on the basis of his out-of-state residency.

38.     Defendant Police Department, therefore, is liable for enforcing the discriminatory policy intentionally enforced through its servants, agents, and/or

employees that violates the Fourteenth Amendment of the United States Constitution—namely, it deprives citizens residing outside the state of Connecticut of the privileges and immunities of citizens residing in the state of Connecticut and also deprives out-of-state residents of the equal protections of the law based on their class as non-residents of the state of Connecticut.

39.     Because of Defendant Police Department's intentional constitutional violations identified herein, Plaintiff has incurred damages in the form of costs associated with increased travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

40.     This action is brought pursuant to 42 U.S.C. § 1983.

**COUNT V - VIOLATION OF
ARTICLE FIRST, § 1 OF THE CONNECTICUT
CONSTITUTION, BROUGHT PURSUANT TO 42
U.S.C. § 1983 (BENVENUTO V. DEFENDANT BRONIN)**

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count Five as if set forth herein.

36.     Defendant Bronin, as the mayor of the Defendant City and responsible for promulgating the policies enforced therein, is responsible for promulgating the policy restricting the distribution of take-home vehicles to only those persons residing in the state of Connecticut.

37.     Defendant Bronin, therefore, under color of law as the mayor of the City of Hartford, intentionally enacted and enforced a policy that violates Article First, § 1 of the

Connecticut Constitution—namely, it discriminates against citizens engaging in interstate travel and deprives out-of-state residents of the United States of the equal protections of the law based on their class as non-residents of the state of Connecticut.

38.     Because of Defendant Bronin's intentional constitutional violations herein, Plaintiff has incurred damages in the form of costs associated with increased travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

39.     This action is brought pursuant to 42 U.S.C. § 1983.

**COUNT VI – VIOLATION OF
ARTICLE FIRST, § 1 OF THE CONNECTICUT
CONSTITUTION, BROUGHT PURSUANT TO 42
U.S.C. § 1983 (BENVENUTO V. DEFENDANT THODY)**

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count Six as if set forth herein.

36.     Defendant Thody, as Chief of Police of the Hartford Police Department, is responsible for enforcing the policies of Defendant Bronin, Defendant City, and Defendant Police Department against police officers whom he employs and supervises.

37.     Namely, Defendant Thody is the individual responsible for enforcing the policy against the Plaintiff of restricting take-home vehicles from citizens not residing within the state of Connecticut and depriving the Plaintiff of a take-home vehicle that would be afforded to an employee living within the state of Connecticut.

38.     Defendant Thody, therefore, under color of law as the Chief of Police for the City of Hartford, intentionally enforced a policy that violates Article First, § 1 of the Connecticut Constitution—namely, it discriminates against citizens engaging in interstate travel and deprives out-of-state residents of the United States of the equal protections of the law based on their class as non-residents of the state of Connecticut.

39.     Because of Defendant Thody's intentional constitutional violations identified herein, Plaintiff has incurred damages in the form of costs associated with increased travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

40.     This action is brought pursuant to 42 U.S.C. § 1983.

## COUNT VII – VIOLATION OF ARTICLE FIRST, § 1 OF THE CONNECTICUT CONSTITUTION, BROUGHT PURSUANT TO 42 U.S.C. § 1983 (BENVENUTO V. DEFENDANT CITY OF HARTFORD)

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count Seven as if set forth herein.

36.     The Defendant City is the entity through which Defendant Bronin receives his policy and regulatory-making powers.

37.     Namely, the Defendant City is the entity through which Defendant Bronin acted to enact and enforce the discriminatory policy that restricted the Plaintiff from

receiving a take-home vehicle that is essential to his functions as a police supervisor on the basis of his out-of-state residency.

38.     Defendant City, therefore, under color of law as a municipality within the State of Connecticut, is liable for its discriminatory policy intentionally enacted through its servants, agents, and/or employees that violates Article First, § 1 of the Connecticut Constitution—namely, it discriminates against citizens engaging in interstate travel and deprives out-of-state residents of the United States of the equal protections of the law based on their class as non-residents of the state of Connecticut.

39.     Because of Defendant City's intentional constitutional violations identified herein, Plaintiff has incurred damages in the form of costs associated with increased travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

40.     This action is brought pursuant to 42 U.S.C. § 1983.

### COUNT VIII – VIOLATION OF ARTICLE FIRST, § 1 OF THE CONNECTICUT CONSTITUTION, BROUGHT PURSUANT TO 42 U.S.C. § 1983 (BENVENUTO V. DEFENDANT HARTFORD POLICE DEPARTMENT)

1.     Paragraphs One through Thirty-Five of the Facts and Background are hereby repeated and restated as Paragraphs One through Thirty-Five of this Count Eight as if set forth herein.

36.     The Defendant Police Department is the agency through which Defendant Thody receives his policy and employment-related powers.

37.     Namely, the Defendant Police Department is the entity through which Defendant Thody acted to enforce Defendants Bronin's and City's policy that restricted the Plaintiff from receiving a take-home vehicle that is essential to his functions as a police supervisor on the basis of his out-of-state residency.

38.     Defendant Police Department, therefore, is liable for enforcing the discriminatory policy intentionally enforced through its servants, agents, and/or employees that violates Article First, § 1 of the Connecticut Constitution—namely, it discriminates against citizens engaging in interstate travel and deprives out-of-state residents of the United States of the equal protections of the law based on their class as non-residents of the state of Connecticut.

39.     Because of Defendant Police Department's intentional constitutional violations identified herein, Plaintiff has incurred damages in the form of costs associated with increased travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

40.     This action is brought pursuant to 42 U.S.C. § 1983.

**COUNT IX – CONSPIRACY TO
VIOLATE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION
AND ARTICLE FIRST, § 1 OF CONNECTICUT
CONSTITUTION, BROUGHT PURSUANT TO 42
U.S.C. § 1985(3) (BENVENUTO V. DEFENDANT BRONIN)**

1.     Paragraphs One through Thirty-Eight of Count One are hereby repeated and restated as Paragraphs One through Thirty-Eight of this Count Nine as if set forth herein.

39.     Paragraphs Thirty-Six through Thirty-Nine of Count Two are hereby repeated and restated as Paragraphs Thirty-Nine through Forty-Two of this Count Nine as if set forth herein.

43.     Paragraphs Thirty-Six through Thirty-Nine of Count Three are hereby repeated and restated as Paragraphs Forty-Three through Forty-Six of this Count Nine as if set forth herein.

47.     Paragraphs Thirty-Six through Thirty-Nine of Count Four are hereby repeated and restated as Forty-Seven through Fifty of this Count Nine as if set forth herein.

51.     Paragraphs Thirty-Six through Thirty-Eight of Count Five are hereby repeated and restated as Paragraphs Fifty-One through Fifty-Three of this Count Nine as if set forth herein.

54.     Paragraphs Thirty-Six through Thirty-Nine of Count Six are hereby repeated and restated as Paragraphs Fifty-Four through Fifty-Seven of this Count Nine as if set forth herein.

58.     Paragraphs Thirty-Six through Thirty-Nine of Count Seven are hereby repeated and restated as Paragraphs Fifty-Eight through Sixty-One of this Count Nine as if set forth herein.

62.     Paragraphs Thirty-Six through Thirty-Nine of Count Eight are hereby repeated and restated as Paragraphs Sixty-Two through Sixty-Five of this Count Nine as if set forth herein.

66.     Defendant Bronin conspired with Defendant City to enact and enforce a policy that prohibits citizens of the United States not residing within the State of Connecticut from receiving take-home vehicles, which is a privilege sufficiently basic to

the livelihood of the nation and essential to Plaintiff's functions as a police supervisor, that Defendants normally permit residents residing in the state of Connecticut to receive.

67.     Defendant Bronin conspired with Defendant Thody and Defendant Police Department to enforce a policy that prohibits citizens of the United States not residing within the State of Connecticut from receiving take-home vehicles, which is a privilege sufficiently basic to the livelihood of the nation and essential to Plaintiff's functions as a police supervisor, that Defendants normally permit residents residing in the state of Connecticut to receive.

68.      Accordingly, Defendant Bronin has conspired with two or more persons to deprive the Plaintiff, a non-resident of the state of Connecticut, of the privileges and immunities afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution, as well as the equal protection afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution and Article First, § 1 of the Connecticut Constitution.

69.     Because of Defendant Bronin's conspiracy to commit constitutional violations herein, Plaintiff has incurred damages in the form of costs associated with increase travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

70.     This action is brought pursuant to 42 U.S.C. § 1985(3).

16

**COUNT X – CONSPIRACY TO
VIOLATE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSITUTION
AND ARTICLE FIRST, § 1 OF CONNECTICUT
CONSTITUTION BROUGHT PURSUANT TO 42
U.S.C. § 1985(3) (BENVENUTO V. DEFENDANT THODY)**

1.      Paragraphs One through Thirty-Eight of Count One are hereby repeated and restated as Paragraphs One through Thirty-Eight of this Count Ten as if set forth herein.

39.      Paragraphs Thirty-Six through Thirty-Nine of Count Two are hereby repeated and restated as Paragraphs Thirty-Nine through Forty-Two of this Count Ten as if set forth herein.

43.      Paragraphs Thirty-Six through Thirty-Nine of Count Three are hereby repeated and restated as Paragraphs Forty-Three through Forty-Six of this Count Ten as if set forth herein.

47.      Paragraphs Thirty-Six through Thirty-Nine of Count Four are hereby repeated and restated as Forty-Seven through Fifty of this Count Ten as if set forth herein.

51.      Paragraphs Thirty-Six through Thirty-Eight of Count Five are hereby repeated and restated as Paragraphs Fifty-One through Fifty-Three of this Count Ten as if set forth herein.

54.      Paragraphs Thirty-Six through Thirty-Nine of Count Six are hereby repeated and restated as Paragraphs Fifty-Four through Fifty-Seven of this Count Ten as if set forth herein.

58.      Paragraphs Thirty-Six through Thirty-Nine of Count Seven are hereby repeated and restated as Paragraphs Fifty-Eight through Sixty-One of this Count Ten as if set forth herein.

62.     Paragraphs Thirty-Six through Thirty-Nine of Count Eight are hereby repeated and restated as Paragraphs Sixty-Two through Sixty-Five of this Count Ten as if set forth herein.

66.     Defendant Thody conspired with Defendant Bronin, Defendant City, and Defendant Police Department to enforce a policy that prohibits citizens of the United States not residing within the State of Connecticut from receiving take-home vehicles, which is a privilege sufficiently basic to the livelihood of the nation, essential to Plaintiff's functions as a police supervisor, and is a privilege granted by the Defendants to residents residing in the state of Connecticut.

67.     Accordingly, Defendant Thody has conspired with two or more persons to deprive the Plaintiff, a non-resident of the state of Connecticut, of the privileges and immunities afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution, as well as the equal protection afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution and Article First, § 1 of the Connecticut Constitution.

68.     Because of Defendant Thody's conspiracy to commit constitutional violations herein, Plaintiff has incurred damages in the form of costs associated with increase travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

69.     This action is brought pursuant to 42 U.S.C. § 1985(3).

## COUNT XI – CONSPIRACY TO
## VIOLATE FOURTEENTH AMENDMENT
## OF THE UNITED STATES CONSITUTION
## AND ARTICLE FIRST, § 1 OF CONNECTICUT
## CONSTITUTION BROUGHT PURSUANT TO 42 U.S.C.
## § 1985(3) (BENVENUTO V. DEFENDANT CITY OF HARTFORD)

1.      Paragraphs One through Thirty-Eight of Count One are hereby repeated and restated as Paragraphs One through Thirty-Eight of this Count Eleven as if set forth herein.

39.      Paragraphs Thirty-Six through Thirty-Nine of Count Two are hereby repeated and restated as Paragraphs Thirty-Nine through Forty-Two of this Count Eleven as if set forth herein.

43.      Paragraphs Thirty-Six through Thirty-Nine of Count Three are hereby repeated and restated as Paragraphs Forty-Three through Forty-Six of this Count Eleven as if set forth herein.

47.      Paragraphs Thirty-Six through Thirty-Nine of Count Four are hereby repeated and restated as Forty-Seven through Fifty of this Count Eleven as if set forth herein.

51.      Paragraphs Thirty-Six through Thirty-Eight of Count Five are hereby repeated and restated as Paragraphs Fifty-One through Fifty-Three of this Count Eleven as if set forth herein.

54.      Paragraphs Thirty-Six through Thirty-Nine of Count Six are hereby repeated and restated as Paragraphs Fifty-Four through Fifty-Seven of this Count Eleven as if set forth herein.

58.      Paragraphs Thirty-Six through Thirty-Nine of Count Seven are hereby repeated and restated as Paragraphs Fifty-Eight through Sixty-One of this Count Eleven as if set forth herein.

62.     Paragraphs Thirty-Six through Thirty-Nine of Count Eight are hereby repeated and restated as Paragraphs Sixty-Two through Sixty-Five of this Count Eleven as if set forth herein.

66.     Defendant City conspired with Defendant Bronin to enact and enforce a policy that prohibits citizens of the United States not residing within the State of Connecticut from receiving take-home vehicles, which is a privilege sufficiently basic to the livelihood of the nation and essential to Plaintiff's functions as a police supervisor, that Defendants normally permit residents residing in the state of Connecticut to receive.

67.     Defendant City conspired with Defendant Bronin, Defendant Thody, and Defendant Police Department to enforce a policy that prohibits citizens of the United States not residing within the State of Connecticut from receiving take-home vehicles, which is a privilege sufficiently basic to the livelihood of the nation, essential to Plaintiff's functions as a police supervisor, and is a privilege granted by the Defendants to residents residing in the state of Connecticut.

68.     Accordingly, Defendant City has conspired with two or more persons to deprive the Plaintiff, a non-resident of the state of Connecticut, of the privileges and immunities afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution, as well as the equal protection afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution and Article First, § 1 of the Connecticut Constitution.

69.     Because of Defendant City's conspiracy to commit constitutional violations herein, Plaintiff has incurred damages in the form of costs associated with increase travel using his own personal vehicle, the depreciation of said vehicle from the

increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

70.     This action is brought pursuant to 42 U.S.C. § 1985(3).

**COUNT XII – CONSPIRACY TO**
**VIOLATE FOURTEENTH AMENDMENT**
**OF THE UNITED STATES CONSITUTION**
**AND ARTICLE FIRST, § 1 OF CONNECTICUT**
**CONSTITUTION BROUGHT PURSUANT TO 42 U.S.C.**
**§ 1985(3) (BENVENUTO V. DEFENDANT HARTFORD POLICE DEPARTMENT)**

1.      Paragraphs One through Thirty-Eight of Count One are hereby repeated and restated as Paragraphs One through Thirty-Eight of this Count Twelve as if set forth herein.

39.     Paragraphs Thirty-Six through Thirty-Nine of Count Two are hereby repeated and restated as Paragraphs Thirty-Nine through Forty-Two of this Count Twelve as if set forth herein.

43.     Paragraphs Thirty-Six through Thirty-Seven of Count Three are hereby repeated and restated as Paragraphs Forty-Three through Forty-Six of this Count Twelve as if set forth herein.

47.     Paragraphs Thirty-Six through Thirty-Nine of Count Four are hereby repeated and restated as Forty-Seven through Fifty of this Count Twelve as if set forth herein.

51.     Paragraphs Thirty-Six through Thirty-Eight of Count Five are hereby repeated and restated as Paragraphs Fifty-One through Fifty-Three of this Count Twelve as if set forth herein.

54.     Paragraphs Thirty-Six through Thirty-Nine of Count Six are hereby repeated and restated as Paragraphs Fifty-Four through Fifty-Seven of this Count Twelve as if set forth herein.

58.     Paragraphs Thirty-Six through Thirty-Nine of Count Seven are hereby repeated and restated as Paragraphs Fifty-Eight through Sixty-One of this Count Twelve as if set forth herein.

62.     Paragraphs Thirty-Six through Thirty-Nine of Count Eight are hereby repeated and restated as Paragraphs Sixty-Two through Sixty-Five of this Count Twelve as if set forth herein.

66.     Defendant Police Department conspired with Defendant Bronin, Defendant Thody, and Defendant to enforce a policy that prohibits citizens of the United States not residing within the State of Connecticut from receiving take-home vehicles, which is a privilege sufficiently basic to the livelihood of the nation, essential to Plaintiff's functions as a police supervisor, and is a privilege granted by the Defendants to residents residing in the state of Connecticut.

67.     Accordingly, Defendant Police Department has conspired with two or more persons to deprive the Plaintiff, a non-resident of the state of Connecticut, of the privileges and immunities afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution, as well as the equal protection afforded to citizens residing in the state of Connecticut in violation of the Fourteenth Amendment of the United States Constitution and Article First, § 1 of the Connecticut Constitution.

68.     Because of Defendant Police Department's conspiracy to commit constitutional violations herein, Plaintiff has incurred damages in the form of costs

associated with increase travel using his own personal vehicle, the depreciation of said vehicle from the increased use, increased anxiety from being unable to respond timely to emergency calls that require his presence as the commander of the Intelligence Division, and other pain and suffering occasioned by the Defendants' intentional violations of his constitutional rights.

69.     This action is brought pursuant to 42 U.S.C. § 1985(3).


**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendants, order that they pay money damages as compensation for the discriminatory practices in violation of the Fourteenth Amendment of the United States Constitution and Article First, § 1 of the Connecticut Constitution and the conspiracy to commit said violations, enjoin the Defendants from enforcing any policies restricting the access to take-home vehicles to employees that reside outside the state of Connecticut, and further pay reasonable attorneys' fees under 42 U.S.C. § 1988.

### <u>JURY TRIAL DEMAND</u>

Plaintiff hereby requests a trial by jury on all issues contained in this Complaint.


Dated: June 23, 2021

Respectfully Submitted,
The Plaintiff,


BY: <u>/s/ Patrick Tomasiewicz ct01320</u>
     Patrick Tomasiewicz ct01320
     Gregory A. Jones ct30715
     Fazzano & Tomasiewicz, LLC
     96 Oak Street
     Hartford, CT  06106
     T: (860) 231-7766
     F: (860) 560-7359
     E: pt@ftlawct.com
     E: gjones@ftlawct.com